The Honorable Steve Bryles State Senator 514 West Main Blytheville, Arkansas 722315
Dear Senator Bryles:
I am writing in response to your request for an opinion on two questions regarding the composition of the board of directors of the Trumann School District. Specifically, you indicate that "[i]n 1985, the Trumann School District entered into an annexation agreement with the Central School District. That agreement specifically states, `[t]he number of members of the present Board of Directors of the Trumann District will be increased to six (6) to accommodate one board member from the Central District in accordance with Section 10 of Act 445 of 1983.'" Your two questions in this regard are as follows:
1. Is Section 10 of Act 445 of 1983 still in effect?
 2. If a school district elects board members at large, must the person elected to the added position have residence in the former school district?
RESPONSE
The answer to your first question is "no." Section 10 of Act 445 of 1983 was repealed by Act 294 of 1993, § 9. The answer to your second question may depend upon the exact terms of the agreement in this regard. Under current law, consolidations and annexations must result in the creation of school districts that elect directors from single-members zones, not on an at-large basis. I have found no law applicable to the facts you describe, however, which would invalidate the continued at-large election of board members and the special residency requirement of Act 445, where an annexation agreement exists to that effect.
Question 1 — Is Section 10 of Act 445 of 1983 still in effect?
The answer to this question is "no." Act 445 of 1983 is known as "The Quality Education Act of 1983." See A.C.A. § 6-15-201(Repl. 1999). It provided certain minimum standards for public elementary and secondary schools and for the dissolution and annexation of the school districts with non-complying schools into other districts. See generally A.C.A. §6-15-204 (now repealed). Section 10 of that Act provided:
 The board of directors of any school district dissolved under the provisions of this Act shall designate one (1) of its members to serve on the school board of the annexing school district until the next school election, and the membership of said school board shall be increased to include the additional member authorized herein. In subsequent elections, at least one (1) school board member position shall be designated by the County Board of Education to be filled by a resident elector residing in the territory of the annexed district, but shall be elected by the electors of the entire district.
Emphasis added.
This section, Section 10 of Act 445 of 1983, was repealed by Act 294 of 1993, which was entitled "An Act to Amend or Repeal Various Sections of Title 6 of the Arkansas Code Relating to Elementary and Secondary Education That Are Antiquated, Superseded, Inconsistent or Ambiguous; and for Other Purposes." See Acts 1993 No. 294, Section 9. Section 10 of Act 445 is therefore no longer in effect.
Question 2 — If a school district elects board members at large, must the person elected to the added position have residence in the former school district?
The answer to this question may depend upon the particular language of the annexation agreement. You have quoted only one sentence of that agreement and have not enclosed it for my review. Proper construction of the agreement would require a review of its contents as a whole. It appears from a review of the one sentence you have quoted, however, that the agreement requires the additional board member's residence in the old "Central District" pursuant to Act 445. If this is in fact the proper construction of the agreement, I can find no provision of law that would invalidate the agreement's binding effect, notwithstanding the fact that the law upon which it is based has been repealed. Under these circumstances, therefore, the answer to your second question appears to be "yes."
This is not to say, however, that the annexation agreement will always have binding effect if the district or the residents thereof act to create a district with single-member zones for the election of board members. See e.g., A.C.A. § 6-13-615 (local option to elect directors from single members zones); A.C.A. § 6-13-630 (school board resolution as adopting zoned school board member elections); and East Poinsett County School District No. 14 v. Massey, 315 Ark. 163, 866 S.W.2d 369 (1993) (annexation agreement entered under law subsequently repealed was not binding where residents opted to elect board members from single-member zones under A.C.A. § 6-13-615).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh